UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **EDWARD SMITH**<br>1472 Cold Water Drive<br>Monroe, OH 45050<br><br>       Plaintiff,<br><br>   vs.<br><br>**CENTRAL RESEARCH, INC.**<br>℅ Corporate Creation Network, Inc., Registered Agent<br>119 E. Court St.<br>Cincinnati, OH 45202<br><br>and<br><br>**FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.**<br>℅ Corporation Service Company, Registered Agent<br>50 W. Broad St., Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>**NAVIENT SOLUTIONS, LLC**<br>℅ Corporation Service Company, Registered Agent<br>50 W. Broad St., Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>**RADIUS GLOBAL SOLUTIONS, LLC**<br>℅ CT Corporation System, Registered Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>       Defendants | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

1

Plaintiff Edward Smith ("Plaintiff" or "Smith") and for his Complaint for Damages against Defendants Central Research, Inc. ("CRI"), Financial Asset Management Systems, Inc. ("FAMS"), Navient Solutions, L.P. ("Navient"), and Radius Global Solutions, LLC ("Radius") (collectively "Defendants") states as follows:

## WHY SMITH IS FILING THIS COMPLAINT

1. This Complaint arises from Plaintiff taking reasonable steps to settle a delinquent debt with Radius and Navient while at the time both collectors failed to take steps to stop the further collection of this debt by two other entities, CRI and FAMS. The acts by all four Defendants in collecting on the same debt has caused the Plaintiff to lose $2,994.00 of his 2018 Federal Tax Refund and the inability to move on with his financial life after satisfying a delinquent debt.

2. As further detailed below the acts of each Defendant by sending either incorrect information regarding the satisfaction of the loan and/or dunning notices for a satisfied debt violate both the Fair Debt Collection Practices Act (FDCPA) by making false representations as to the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2) and by using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f as well as violating the Ohio Consumer Sales Practices Act (CSPA) by using deceptive means to continue to collect a debt.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Edward Smith ("Smith") is a natural person who resides in the City of Monroe, County of Butler, State of Ohio.

2

4. Defendant Central Research, Inc. ("CRI") is a foreign corporation registered to do business in Ohio which is headquartered in Lowell, AR.

5. Defendant Financial Asset Management Systems, Inc. ("FAMS") is a foreign corporation registered to do business in Ohio which is headquartered in Woodstock, GA.

6. Defendant Navient Solutions, LLC is a foreign limited liability company registered to do business in Ohio which is headquartered in Wilmington, DE.

7. Defendant Radius Global Solutions, LLC is a foreign limited liability company registered to do business in Ohio which is headquartered in Minneapolis, MN.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this action arises under the FDCPA.

9. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

10. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Smith resides in this District, each Defendant does business within this District and the actions giving rise to the causes of action in this Complaint, *infra*, occurred primarily within this District.

**INTRODUCTION**

11. Smith is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

12. Defendant Central Research, Inc. ("CRI") is a collection agency with its principal office located at 106 North Bloomington, Suite 3, Lowell, Arkansas 72745.

13. CRI is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which CRI states that: "At CRI we realize that all successful collection efforts start with an exceptional team. We proudly provide successful recovery programs for the United States Department of Education. CRI assists borrowers with the best repayment options based on their current financial situation to resolve their defaulted student loans. In addition to these program options, we also assist ED in collecting the appropriate documentation if the borrower is deceased, disabled, incarcerated, or has a situation resulting in a programmatic cancellation. We have the resources, the personnel, and the demonstrated experience delivering exceptional collection programs.".[1]

14. CRI is a company that uses the mail, telephone and/or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

15. Defendant Financial Asset Management Services, Inc. ("FAMS") is a collection agency with its principal office located at 665 Molly Lane, Suite 110, Woodstock, GA 30189.

16. FAMS is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which FAMS states that "The financial services industry is one of sectors having the most complex money system considering the wide array of financial products and services it involves – from moving funds from one entity to another, from investing to lending, from marketing insurance to trading securities and securities issuance. With the help of debt collection agencies

---

[1] https://www.central-research.com/financial-services-solutions/ (last visited August 24, 2019)

like FAMS, the complex financial processes in the industry can become a lot easier. We employ a proven effective collection system that can help your business reach its collection target and realize your business goal. And, we employ sophisticated data-mining strategies that can provide better insights of the industry dynamics."[2]

17. FAMS is a company that uses the mail, telephone and/or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

18. Defendant Navient Solutions, LLC ("Navient") is a limited liability company headquartered in Wilmington, DE. Navient is a subsidiary of Navient Corporation.

19. Navient is a debt collector in this case as defined by 15 U.S.C. § 1692a(6) as Navient began servicing this debt on behalf of the United States Department of Education after the debt fell into default.

20. Defendant Radius Global Solutions, LLC ("Radius") is a collection agency with its principal office located in Minneapolis, MN.

21. Radius is a debt collector as that term is defined by 15 U.S.C. 1692a(6) based upon the actions described herein, *supra*, as well as based on the information on its website in which Radius states that "Account recovery of bad debts is our specialty. Through an individual client accounts receivable analysis, we extract an understanding of what needs to be done and how we need to do it. Our debt collection services offer professional and ethical solutions that are effective and compliant."[3]

---

[2] http://fams.net/financial-services/ (last visited August 24, 2019)
[3] https://www.radiusgs.com/industries/financial-services/ (last visited August 24, 2019)

22. Smith's transactions with each Defendant are a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected was a student loan the primary purpose of which was for personal, family, or household use.

23. Smith is a consumer, the Debt is a consumer transaction, and each Defendant is a supplier as defined by the OCSPA. R.C. 1345.01.

24. Smith has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## FACTUAL BACKGROUND

25. Smith restates and incorporates all of his statements and allegations contained in paragraphs 1 through 24, in their entirety, as if fully rewritten herein.

26. Between 2008 and 2009 Smith took out a series of student loans with the United States Department of Education which were initially serviced by Fed Loan Servicing, Inc. The loans fell delinquent in November 2014 due to some financial issues that Smith was having.

27. After falling delinquent these four loans were transferred to Navient for collection sometime in October 2015.

28. Following the transfer to debt collection Smith began receiving dunning notices and calls from other debt collection companies about these debts. In July 2018 Smith's finances had slightly improved and he reached a "settlement" with Central Credit Services, Inc., to settle the outstanding loans. The settlement included payments tendered by Smith of $270.47 on July 15, 2018 and August 15, 2018 and a payment of $270.43 on October 18, 2018.

6

29. Shortly after Smith made the October 18, 2018 payment collection of the debt was transferred from CCS to Radius.

30. In March 2019 when Smith filed his 2018 Income Tax Return, he was entitled to a refund of $2,994.00.

31. About three weeks after filing his return Smith was informed by the IRS that his refund of $2,994.00 has been used to offset his outstanding liabilities to the United States Department of Education.

32. Smith was confused as those liabilities were the same debts he believed he satisfied with CCS.

33. In addition to the tax refund offset around the same time Smith received a letter from FAMS dated April 2, 2019, a copy of which is attached as Exhibit 1 to this Complaint, in which FAMS notified Smith that they were collecting on behalf of Navient and offering to settle. *See Exhibit 1*.

34. Smith contacted Radius by telephone to inquire whether Radius ordered the offset. Radius responded buy providing him a May 6, 2019 letter which is attached as Exhibit 1 in which Radius states the account with Navient had been resolved for less than full balance. *See Exhibit 2*. The Radius letter also reflects the CCS payment plan referenced in Paragraph 28 above. *Id.*

35. Smith next contacted Navient to verify Navient had not ordered the offset. Navient responded by sending him a May 16, 2019 letter which is attached as Exhibit 2 which acknowledges the satisfaction of the debt. *See Exhibit 3* at p. 1

7

36. Just prior to receiving Navient's letter, Smith also receiving a dunning notice from CRI dated May 14, 2019 which notified Smith that CRI was attempting to collect on a debt owed to the United States Department of Education in the amount of $9,253.70. A copy of this letter is attached as Exhibit 4.

37. Based on the correspondence from CCS as well as Exhibits 1, 2, 3 and Smith's review of his credit report, Smith had a reasonable belief that CRI was also attempting to collect the same debt that Radius, FAMS, and Navient were that Smith had paid off by October 2018.

38. Based on Exhibits 1 through 4 Smith reasonably believes that all Defendants are seeking to collect on a debt he settled in October 2018 and that either Navient or Radius took steps to further the collection of this debt despite the satisfaction which included (1) the tax refund offset and (2) the dunning notices by FAMS and CRI.

## COUNT ONE
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*. - CRI, FAMS, AND NAVIENT

39. Smith restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 38, in their entirety, as if fully rewritten herein.

40. Smith is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim primarily under 15 U.S.C. § 1692.

41. The student loan(s) are a debt as Smith incurred them for personal, household or family use. 15 U.S.C. § 1692a(5)

42. CRI is engaged in the collection of debts from consumers using the mail and the telephone. CRI regularly attempts to collect consumer debts alleged to be due to another. CRI is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

43. FAMS is engaged in the collection of debts from consumers using the mail and the telephone. FAMS regularly attempts to collect consumer debts alleged to be due to another. FAMS is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

44. Based on Exhibit 3, Navient is a debt collector in this matter as defined by the FDCPA as Navient explicitly notified Smith it was a debt collector. *See Exhibit 3*. All of the acts taken by Navient as described herein, *supra*, were acts taken in furtherance of a debt it began servicing after the loan fell into default while serviced by Fed Loan Servicing.

45. CRI's actions in sending Exhibit 4 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt as CRI should have known of the existence of Exhibits 1, 2, and 3 prior to sending the dunning notice to Smith. Additionally based on Exhibits 1, 2, and 3, CRI's actions also violate 15 U.S.C. § 1692e(2) as CRI in asserting amounts due that have been satisfied.

46. FAMS's actions in sending Exhibit 2 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt as FAMS should have known of the satisfaction of the debt to Radius and/or CCS.

47. Navient's actions in sending Exhibit 3 violate 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt and/or 15 U.S.C. § 1692e(2) as Navient is asserting that the debt was still not satisfied despite Exhibit 1.

48. In addition Navient is also liable as the principal for the acts of FAMS and CRI who based on the allegations above, *supra*, and Exhibits 1, 2, and 4 were acting as the agent of Navient.

49. The actions of CRI, FAMS and/or Navient have directly caused Smith to lose $2,994.00 of his federal tax refund and based on Exhibits 1 through 4 live in constant anxiety, worry and frustration that the debts are not settled.

50. As a result of the actions of CRI, FAMS, and/or Navient, CRI, FAMS and Navient are liable to Smith for statutory damages of $1,000.00 each, actual damages jointly and severally in an amount of at least $2,994.00 and in a total amount to be determined at trial and Smith's reasonable attorneys' fees and costs related to the prosecution of this matter.

## COUNT TWO
## VIOLATIONS OF OHIO REVISED CODE § 1345.02(A) - ALL DEFENDANTS

51. Smith restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 36, in their entirety, as if fully rewritten herein.

52. The OCSPA is a state consumer protection law prohibiting unfair and deceptive acts and practices by suppliers before, during, or after a consumer transaction. R.C. 1345.02(A).

53. Smith is a consumer, the Debt is a consumer transaction, and CRI, FAMS, Radius and Navient are each a supplier as defined by the OCSPA. R.C. 1345.01.

54. The illegal, improper, and abusive debt collection practices of CRI, FAMS and Navient in violation of the FDCPA as described in Count One also constitute unfair and deceptive practices in violation of the OCSPA.

55. In addition to the actions described in Paragraph 47 above which violate the FDCPA which constitute an unfair and deceptive practice in violation of the OCSPA, Navient's actions in failing to take reasonable steps to process the payments from its own debt collector, CCS violates the CSPA as a deceptive act.

56. Radius's actions in failing to take reasonable steps to stop the collection of the debt by Navient, CRI and/or FAMS after admitting the debt was satisfied are a deceptive means to collect a debt as defined by the CSPA.

57. Each of the Defendants' conduct toward Smith was outrageous, willful, and wanton, and shows a reckless disregard for Smith's rights.

58. Smith is entitled to a recovery from each Defendant jointly and severally for actual damages of at least $2,994.00 and in a total amount to be determined a trial, a recovery from each Defendant of statutory damages of $200.00, a recovery jointly and severally of Smith's non-economic damages in the amount of $5,000.00 pursuant to R.C. 1345.09(B), and a recovery jointly and severally of Smith's reasonable costs, and attorneys' fees incurred in maintaining this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edward Smtih requests that this Court enter its order granting judgment against Defendants Central Research, Inc. ("CRI"), Financial Asset Management Systems, Inc. ("FAMS"), Navient Solutions, L.P. ("Navient"), and Radius Global Solutions, LLC ("Radius") for the following:

A. For an award of actual damages against Defendants CRI, FAMS and/or Navient, jointly and severally in an amount of at least $2,994.00 and in a total amount to be determined a trial for the allegations contained in Count One; or alternatively for the award of actual damages of at least $2,994.00 and in a total amount to be determined at trial jointly and severally against each Defendant for the allegations contained in Count Two;

B. For an award of Statutory Damages of $1,000.00 each against CRI, FAMS and Navient for the allegations contained in Count One;

C. For an award of Statutory Damages of $200.00 each against CRI, FAMS, Navient and Radius for the allegations contained in Count Two;

D. For an award of Smith's non-economic damages of $5,000.00 jointly and severally as to all Defendants for the allegations contained in Count Two;

E. For an award of Smith's reasonable attorneys' fees and costs against CRI, FAMS and/or Navient jointly and severally for the allegations contained in Count One and/or alternatively against each Defendant jointly and severally for the allegations contained in Count Two; and

F. For all such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/ Brian D. Flick, Esq.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff Edward Smith*

## JURY DEMAND

Smith hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Brian D. Flick

12

                                                Marc E. Dann (0039425)
                                                Brian D. Flick (0081605)
                                                Dann Law
                                                *Counsel for Plaintiff Edward Smith*